IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
JOHNSTOWN DIVISION

| | |
|---|---|
| SATURNINO VASQUEZ MEJIA,<br><br>    Petitioner,<br><br>vs.<br><br>KRISTI NOEM, SECRETARY OF HOMELAND SECURITY, U.S. DEPARTMENT OF HOMELAND SECURITY; TODD LYONS, ACTING DIRECTOR, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; DAVID O'NEILL, DIRECTOR, PHILADELPHIA ICE FIELD OFFICE, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; PAMELA J. BONDI, ATTORNEY GENERAL, U.S. DEPARTMENT OF JUSTICE,; AND LEONARD ODDO, WARDEN, MOSHANNON VALLEY PROCESSING CENTER;<br><br>    Respondents. | Civil Action No. 3:25-cv-00333<br><br>United States Magistrate Judge<br>Christopher B. Brown |

**MEMORANDUM OPINION GRANTING PETITION
FOR WRIT OF HABEAS CORPUS, ECF NO. 1**[1]

**Christopher B. Brown, United States Magistrate Judge**

    Presently before the Court is a counseled petition for a writ of habeas corpus under 28 U.S.C. § 2241 filed on behalf of Petitioner, Saturnino Vasquez Mejia, who

---

[1] All parties have consented to full jurisdiction before a United States Magistrate Judge, including entry of a final judgment, under 28 U.S.C. § 636(c).  *See* ECF Nos. 4 and 7.

1

is a non-citizen[2] that is presently detained in an immigration detention center located in the Western District of Pennsylvania. ECF No. 1.

Before the Court is a dispute about which section of the Immigration and Nationality Act ("INA") applies to Vasquez Mejia, namely 8 U.S.C. § 1225(b)(2)(A) or § 1226(a). The application of one versus the other matters as Section 1225(b)(2)(A) mandates his detention, while Section 1226(a) is discretionary and affords him the statutory right to a bond hearing before an immigration judge.[3]

---

[2] This Memorandum Opinion uses the term "noncitizen" as equivalent to the statutory term "alien." *See Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020). *See* 8 U.S.C. § 1101(a)(3) ("[t]he term 'alien' means any person not a citizen or national of the United States.").

[3] Title 8, U.S.C. § 1225(b)(2)(A) states, in relevant part:

(2) INSPECTION OF OTHER ALIENS

   (A) In general

      Subject to subparagraphs (B) and (C), in the case of an alien who is an *applicant for admission*, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title.

8 U.S.C. § 1225(b)(2)(A) (emphasis added).

   As a matter of comparison, 8 U.S.C. § 1226(a) states, in relevant part:

(a) ARREST, DETENTION, AND RELEASE

   On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) and pending such decision, the Attorney General—

      (1) may continue to detain the arrested alien; and
      (2) may release the alien on—

         (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General ...

8 U.S.C. § 1226(a).

Vasquez Mejia asks the Court to grant him habeas relief in finding that Section 1226(a) applies to him, not Section 1225(b)(2)(A), and Order the Government to conduct a bond hearing. ECF No. 9 at 9.

For the reasons that follow, the Court will grant the Petition and order Vasquez Mejia be provided a bond hearing before a neutral immigration judge of the Executive Office of Immigration Review by **December 26, 2025**.

I. **Jurisdiction**

In general, federal courts have jurisdiction to hear habeas corpus petitions from noncitizen detainees who claim their civil detention violates the "Constitution or laws . . . of the United States[.]" 28 U.S.C. § 2241; *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001). Here, Vasquez Mejia seeks habeas relief arguing he is being unlawfully detained without eligibility for a bond hearing under Section 1225(b)(2)(A) of the INA when, in fact, he is detained under Section 1226(a) which would make him eligible for a bond hearing. ECF No. 9.

II. **Factual Background**

The record reflects Vasquez Mejia is 45 years old and is a citizen of Honduras who "entered the United States without inspection between ports of entry, across the U.S. – Mexico border, at an unknown date and time." ECF No. 1, ¶ 40; ECF No. 6-1 at 2. On August 25, 2025, Vasquez Mejia "was arrested by an immigration officer as a collateral during an enforcement operation" in the Washington D.C. area. ECF No. 6-7 at 4; ECF No. 1, ¶ 42.

On September 3, 2025, an immigration judge granted Vasquez Mejia's motion for custody redetermination and ordered Vasquez Mejia released from custody under a $1,500 bond. ECF No. 1-1; ECF No. 6-5. The following day, DHS filed a notice of intent to appeal the bond ruling, which automatically stayed the Immigration Judge's bond determination. ECF No. 1-2, ECF No. 6-6. DHS also moved for reconsideration of the bond order with the Immigration Court. ECF No. 6-7. Three days later, on September 9, 2025, the Immigration Judge granted the motion for reconsideration, vacating its bond decision finding that it did not have jurisdiction to grant bond based on the BIA's recent decision in *Matter of Yajure Hurtado,* 29 I & N Dec. 216, 2025 WL 2674169 (BIA, September 5, 2025) (holding that all noncitizens present in the United States without admission are deemed "applicants for admission" under § 1225(b)(2)(A) and therefore "shall be detained" under that subsection for the duration of their removal proceedings). ECF No. 6-8.

Vasquez Mejia has been detained since August 25, 2025, and remains detained at the Moshannon Valley Processing Center. ECF No. 1, ¶ 43. At the time of filing of his petition in October of 2025, Vasquez Mejia was in removal proceedings but had not yet had a master hearing. *Id.*, ¶ 44. Since then, a review of the public docket suggests Vasquez Mejia had his master hearing and is now scheduled for an individual hearing on December 17, 2025, although he is still not subject to a final order of removal. *See* publicly available Executive Office for Immigration Review ("EOIR") Automated Case Information page, *Vasquez-Mejia,*

*Saturnino,* A-Number 221-471-509, available at

https://acis.eoir.justice.gov/en/caseInformation (last viewed 12/09/2025).

### III.  Federal Habeas Proceedings

On October 3, 2025, counsel for Vasquez Mejia filed the instant habeas petition under 28 U.S.C. § 2241.  ECF No. 1.  Vasquez Mejia initially sought relief on seven claims.  ECF No. 1, ¶¶ 48 – 89.  However, following the filing of the Government's[4] response, ECF No. 6, Vasquez Mejia voluntarily dismissed all but two of his claims.  *See* ECF No. 9.  The only issue before the Court is a statutory interpretation involving whether Vasquez Mejia is entitled to a bond determination under 8 U.S.C. § 1226(a) or whether he is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A).  ECF No. 1, ¶¶ 50-54.

The matter is fully briefed and ripe for disposition.  *See* ECF Nos. 1, 6, and 9.  For the reasons below, the Court concludes Vasquez Mejia is entitled to a bond hearing under Section 1226(a).

### IV.  Discussion

Here, Vasquez Mejia admits he is a citizen of Honduras who entered the United States without inspection. ECF No. 1 at 2. It was only after he entered and resided in the United States "for years," that he was arrested, detained, and subjected to removal proceedings.  *Id.* at 2, 8.  Vasquez Mejia argues that

---

[4]  When used in this Memorandum Opinion, "Government" refers to the federal entities and officials named as respondents in the petition.

noncitizens such as him who are subject to removal proceedings have traditionally been detained under Section 1226(a) and granted bond hearings. *Id.* at 6. He further argues that it wasn't until July of 2025 that ICE, in an apparent matter of statutory interpretation, changed its position to deem noncitizens like him to be "applicants for admission" such that it subjected him to mandatory detention under Section 1225(b)(2)(A) rather than discretionary detention under Section 1226(a). *Id.* at 7. Accordingly, this case presents a relatively new question for this Court. That is, whether a noncitizen who is already present in the United States, not at its port of entry seeking admission, is deemed an "applicant for admission" subjecting him or her to mandatory detention under Section 1225(b)(2) or, if not, subjecting him or her to discretionary detention with a right to a bond hearing under Section 1226(a).

    As the Supreme Court observed,

> "our immigration laws have long made a distinction between those aliens who have come to our shores seeking admission . . . and those who are within the United States after an entry, irrespective of its legality. In the latter instance the Court has recognized additional rights and privileges not extended to those in the former category who are merely 'on the threshold of initial entry.'"

*Leng May Ma v. Barber*, 357 U.S. 185, 187 (1958) (quoting *Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206 (1953)); *see also Zadvydas v. Davis*, 533 U.S. 678, 693 (2001) ("But once an alien enters the country, the legal circumstance changes, for the Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent.").

The parties' dispute is fundamentally a dispute about statutory interpretation.  Vasquez Mejia alleges that he is entitled to a bond determination under 8 U.S.C. § 1226(a), because he has been present in the United States and is not seeking "admission" or said another way, "seeking *another* entry."  ECF No. 9 at 4-5 (emphasis in original).  The Government argues Vasquez Mejia is not entitled to a hearing because he is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) as he entered the United States illegally and therefore remains an "applicant for admission" based on his undocumented status.  ECF No. 6, at 8-14.

The Court finds that Section 1226(a) applies and therefore Vasquez Mejia is subject to discretionary detention. The plain language of the mandatory detention provision of Section 1225(b)(2)(A) requires that the "applicant for admission" be just that, an individual "seeking admission."  8 U.S.C. 1225(b)(2)(A).  The INA defines "admission" and "admitted" as "the lawful entry of the alien into the United States after inspection and authorization by an immigration officer."  8 U.S.C. § 1101(a)(13)(a).  By using the term "seeking admission," Section 1225(b)(2)(A) limits its statutory application to aliens actively attempting to enter the United States lawfully at its port of entry and does not extend to those already present in the United States who previously entered without inspection.  That interpretation is supported by Section 1225's repeated reference to "arriving aliens"[5] and the

---

[5]  "The term arriving alien means an applicant for admission coming or attempting to come into the United States at a port-of-entry, or an alien seeking transit through the United States at a port-of-entry, or an alien interdicted in international or United States waters and brought into the United States by any means, whether or not to a designated port-of-entry, and regardless of the means of transport." 8 C.F.R. § 1001.1(q).

existence of Section 1226 - a separate statute that allows for detention and removal of aliens, i.e. noncitizens, who are already present in the country.

In *Jennings*, the Supreme Court of the United States discussed the differences between Section 1225(b) and 1226(a). *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018). In that case, the Supreme Court explained that Section 1225 authorizes the Government to detain certain noncitizens seeking admission into the United States under §§ 1225(b)(1) and (b)(2), *id.* at 289, and described Section 1226, as setting out the "default rule," which applies to those noncitizens who are "already present inside the United States. *Id.* at 303 ("§ 1226 applies to aliens already present in the United States. Section 1226(a) creates a default rule for those aliens by permitting—but not requiring—the Attorney General to issue warrants for their arrest and detention pending removal proceedings.").

It has been "DHS's longstanding practice of treating noncitizens arrested while living in the United States, including those who entered without inspection, as detained under Section 1226(a)." *Rodriquez v. Bostock*, 779 F. Supp. 3d 1239, 1260 (W.D. Wash. 2025); *see also* ECF No. 1, ¶ 20. Despite this "longstanding practice," on July 8, 2025, ICE issued a new interim guideline changing its policies regarding Section 1226(a):

> Effective immediately, it is the position of DHS that such aliens are subject to detention under Immigration and Nationality Act ("INA") § 235(b) [8 U.S.C. § 1225(b)(2)] and may not be released from ICE custody except by INA § 212(d)(5) [8 U.S.C. § 1225(b)(5)]." . . . For custody purposes, these aliens are now treated in the same

8

> manner that "arriving aliens" have historically been treated.

ECF No. 1, ¶ 22 (*citing* ICE Memo: Interim Guidance Regarding Detention Authority for Applicants for Admission, https://www.aila.org/library/ice-memo-interim-guidance-regarding-deention-authority-for applications-for-admission). On September 5, 2025, the Board of Immigration Appeals adopted and applied this new policy in *Matter of Yajure Hurtado,* 29 I & N Dec. 216 (BIA 2025). *Id.*, ¶ 26.

Since DHS's change in policy, the Court notes, the overwhelming majority of district courts in this country to have addressed the distinction between Section 1225(b) and Section 1226(a) have found that Section 1226(a), rather than the mandatory detention provision of Section 1225(b), applies to a noncitizen similarly situated to Vasquez Mejia who is not seeking admission at a port of entry, but rather present in the United States. *See, e.g., Contreras-Cervantes v. Raycraft*, 2:25-cv-13073, 2025 WL 2952796, *8 n.4 (E.D. Mich. Oct. 17, 2025) (collecting cases). This Court has carefully reviewed these decisions and agrees with the growing consensus.

Here, the Court finds it would be more accurate to describe Vasquez Mejia as "already in the country" or "already present in the United States" rather than as "seeking admission into the country" – there is no dispute that at the time of his being arrested and charged with removability that Vasquez Mejia had been in the United States for a period of time and was not actively seeking admission at its port of entry. Under such circumstances, Vasquez Mejia's argument that he is subject to

Section 1226(a) is consistent with the plain language of the statute and is consistent with the Supreme Court's discussion in *Jennings*.

Accordingly, the Court concludes that his detention is thus governed by Section 1226(a). As a noncitizen detained under Section 1226(a), Vasquez Mejia has a statutory right to a bond hearing. *See Jennings*, 583 U.S. at 306 ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1), 1236(d)(1). In making this finding the Court reiterates is not making any recommendation whatsoever regarding Vasquez Mejia's ultimate detention or release. Rather the Court finds, as a matter of statutory interpretation, that he is entitled to bond a hearing. Any other relief requested by Vasquez Mejia in his Petition, such as immediate release, is denied. An appropriate Order follows.

DATED this 11th day of December, 2025.

BY THE COURT:

s/Christopher B. Brown
Christopher B. Brown
United States Magistrate Judge

cc:   All Counsel of Record
      (via ECF electronic notification)